UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRSON BENITO VALENTIN, III,

Plaintiff,

-against-

ROCKLAND COUNTY, CORPORATE MUNICIPALITY; C.O. D. SPENCER,

Defendants.

26-CV-481 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff was detained in the Rockland County Jail when he filed this *pro se* complaint asserting claims under 42 U.S.C. 1983, but he has since been released. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

Plaintiff filed this complaint against Rockland County and Correctional Officer D. Spencer regarding events allegedly occurring in the Rockland County Jail on October 20, 2025. The following facts are drawn from the complaint.[1] Plaintiff alleges that C.O. Spencer "negligently" gave a letter addressed to Plaintiff, from his criminal defense attorney, to another detainee named James Valentine. (ECF 1 at 4.) Plaintiff alleges that C.O. Spencer's negligent action violated Plaintiff's right to attorney-client confidentiality, and also violated federal statutes and constitutional provisions, including and 4 U.S.C. § 101 ("oath by officer"); 18 U.S.C. § 1703 ("delay of mail"); 18 U.S.C. § 1905 ("disclosure of confidential information"); 18 U.S.C. § 2236 ("searches without warrants"); 42 U.S.C. § 2000aa ("searches and seizures"); 42 U.S.C. § 1985(3) ("conspiracy to obstruct"); the Fourth Amendment ("unreasonable search and seizure"); the Sixth Amendment ("obstruction of legal defense"); and the Fourteenth Amendment ("deprivation of procedural due process"). (*Id.*)

Plaintiff further claims that once "the error was exposed," C.O. Spencer "tried to use psychological coercion and retaliation to stop" Plaintiff from filing a grievance by "making up a fictional explanation for his physical penetration of a statutory[il]y protected area," thus allegedly violating other criminal statutes, namely, 18 U.S.C. § 2340 ("Torture by Psychological Coercion"), 18 U.S.C. § 245 ("interfering with the exercise of rights"); 42 U.S.C. § 2000dd ("cruel, inhuman and degrading treatment under color of law, intentional infliction of emotional distress"); and 18 U.S.C. 2340 ("torture/mental anguish"). (*Id.* at 5.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff claims that he "never received" his attorney's letter, but he attaches to the complaint a grievance he filed about the incident, and a response from the Rockland County Sheriff's Department stating that the grievance was "accepted and substantiated," and that Plaintiff had been given the letter. (*Id.* at 7.) Plaintiff seeks money damages. (*Id.* at 5.)

## DISCUSSION

### A. Rockland County

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.[2] *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

[2] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

Plaintiff asserts that Officer Spencer negligently gave the letter to another detainee, which does not suggest that a policy, custom, or practice of Rockland County caused a violation of his constitutional rights. The Court therefore dismisses any claims Plaintiff is asserting against Rockland County for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Correctional Officer D. Spencer**

**1. Negligent handling of legal mail**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Mitchell v. Martin*, No. 23-CV-902, 2026 WL 884015, at *5 (D. Conn. Mar. 31, 2026) (finding that the careless or negligent handling of mail did not state a claim under Section 1983); *Shepherd v. Fisher*, No. 08-CV-9297 (LTS), 2011 WL 3278966, at *3 (S.D.N.Y. July 27, 2011) (explaining that the plaintiff had "not asserted the violation of any specific constitutional right that may have resulted from the alleged violation of attorney-client privilege").

Plaintiff's allegation that C.O. Spencer negligently, not intentionally, gave his mail to another detainee with a similar last name thus fails to state a claim for a constitutional violation under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Retaliation**

To state a First Amendment retaliation claim, a plaintiff must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected conduct and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citation and alteration omitted). First Amendment retaliation claims must be "supported by specific and detailed factual allegations" and may not be stated "in wholly conclusory terms." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).

The first element of a retaliation claim may be satisfied if correctional staff retaliated against a detained individual for pursuing a grievance. *Dolan*, 794 F.3d at 294; *see also*, *e.g.*, *Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) ("[Plaintiff] has sufficiently alleged . . . participation in protected activity: the use of the prison grievance system."). To satisfy the second element, that correctional staff took adverse action against a detained individual, a plaintiff must show that the "retaliatory conduct . . . would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quotation marks omitted). Finally, to satisfy the third element, a plaintiff must allege facts that "support the inference that the speech played a substantial part in the adverse action." *Davis,* 320 F.3d at 354. For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2009).

Plaintiff does not provide sufficient facts to state a retaliation claim. He claims that C.O. Spencer tried to stop him from filing a grievance through "psychological coercion and retaliation," and that he did so by lying about his whereabouts on a given day. These facts do not explain the manner in which C.O. Spencer allegedly attempted to interfere with Plaintiff's right to file a grievance, or allege facts suggesting a causal connection between Plaintiff's protected speech and the unspecified retaliation. The Court therefore dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**3. Conspiracy**

To state a claim of conspiracy under Section 1983, a plaintiff must show "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). The allegations required to state a claim of conspiracy under Section 1985(3) are similar, except that "the [Section 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (internal quotation marks and citation omitted). Thus, under Section 1985(3), a plaintiff must allege facts suggesting the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

Vague and unsupported allegations of a claim of conspiracy, under either Section 1983 or Section 1985, will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Stoner*

*v. Young Concert Artists, Inc.*, 626 F. App'x 293, 296 (2d Cir. 2015) (summary order); *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990).

Plaintiff's allegations do not state a claim of conspiracy to violate his rights. He asserts the existence of a conspiracy without any factual detail suggesting an agreement to inflict an unconstitutional injury upon him. There are no plausible allegations of an explicit agreement or "tacit understanding to carry out the prohibited conduct." *Thomas*, 165 F.3d at 146. There are also no plausible allegations that any parties were motivated by class-based, invidious discriminatory animus for purposes of Section 1985(3). The Court therefore dismisses Plaintiff's claims of conspiracy under Sections 1983 and 1985(3) for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**4. Claims arising under other federal civil statutes**

Plaintiff alleges that C.O. Spencer violated his rights under 42 U.S.C. § 2000dd, which prohibits "cruel, inhuman, or degrading treatment or punishment of persons under custody or control of the United States government." *Id.* Plaintiff was not in custody or under the physical control of the United States government when he filed this action, and thus Section 2000dd has not apparent relevant to this matter. *See Kellier v. Ross*, No. 22-CV-2506 (LTS), 2022 WL 1292290, at *6 (S.D.N.Y. Apr. 29, 2022) (citing *Strom v. Cain*, No. 2:21-CV-0534 (SB), 2021 WL 6125797, at *2 n.5 (D. Ore. Dec. 28, 2021)).

Section 2000aa, which "prohibits the government from "searching for and seizing work product materials and other documents possessed by an individual engaged in public communication," also bears no apparent relevance to the facts giving rise to this action. *See*

*Johnson v. City of New York*, No. 16-CV-2879, 2018 WL 1175139, at *3 n.7 (E.D.N.Y. Mar. 5, 2018) (citing *United States v. Hunter*, 13 F. Supp. 2d 574, 582 (D. Vt. 1998)).

Finally, to the extent Plaintiff invokes 4 U.S.C. §§ 101-102, that statute does not provide for a private right of action. *See Pound v. Gallen*, No. 07-CV-1708, 2007 WL 3171303, at *1 n.6 (M.D. Fla. Oct. 29, 2007) (explaining that 4 U.S.C. § 101 "does not provide a private right of action against anyone who failed to take the oath or violated it after taking it").

The Court thus dismisses Plaintiff's claims arising under these statutes for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

**5. Claims arising under criminal statutes**

Plaintiff asserts that C.O. Spencer violated a slew of federal criminal statutes. Violations of criminal law "may not serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action." *Williams v. TD Bank, N.A.*, No. 25-CV-6753 (KMK), 2026 WL 2925937, at *7 (S.D.N.Y. Sept. 29, 2026) (*quoting Sun-Ming Sheu v. Centex Home Equity*, No. 06-CV-2235, 2006 WL 8452032, at *2 (E.D.N.Y. Sept. 16, 2006)). The criminal statutes Plaintiff cites do not include an express or implied private right of action.

Also, Plaintiff may not initiate a criminal prosecution in this court, because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Nor can Plaintiff direct prosecutors to initiate a criminal proceeding against the defendants because prosecutors possess discretionary authority to bring criminal actions and they are "immune from control or interference by citizen or court. . . ." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the criminal investigation and prosecution of any defendant, *see* Fed. R. Civ. P.

12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim.") (internal quotation marks and citation omitted).

For these reasons, the Court dismisses Plaintiff's claims arising under these statutes for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Leave to replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Plaintiff's *pro se* status, the Court grants him 30 days' leave to replead the retaliation claim in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead the retaliation claim.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: October 29, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.